# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN

MICAH E. GLENN,
    Plaintiff,

v.              Case No. 06-C-179

KRISTINE LAWRENCE, DARRYL BUCHOLZ
and JANICE CUMMINGS,
    Defendants.

## DECISION AND ORDER

  Plaintiff Micah E. Glenn, proceeding pro se, brought this action under 42 U.S.C. § 1983 alleging violations of his constitutional rights. Plaintiff originally named fifteen defendants and eight causes of action. In a screening order dated July 6, 2006, District Judge Stadtmueller dismissed several of plaintiff's claims. In a subsequent order, I dismissed all but a few claims – that defendant Kristine Lawrence had miscalculated plaintiff's parole discharge date and erroneously subjected him to parole restrictions, and that defendants Darryl Bucholtz and Janice Cummings had unlawfully detained plaintiff in 2005. I noted that it was not entirely clear that plaintiff had intended to pursue such claims, but found that the complaint appeared sufficient to state such claims.

  On July 12, 2007, the remaining defendants filed a motion for summary judgment stating to show that Lawrence did not miscalculate plaintiff's parole discharge date and that plaintiff was never unlawfully detained. On July 17, 2007, plaintiff filed a motion asking me to voluntarily dismiss his case without prejudice. Plaintiff's motion asked "that this court consider his motion so that the court does not grant the defendants' summary judgment motion, considering only their side of the story, resulting in another bad decision for prisoners or

plaintiffs of his status." (Mot. for Voluntary Dismissal.)  Defendants responded that any dismissal of plaintiff's case should be with prejudice, given the current status of the case.

Rule 41(a)(2) governs plaintiff's motion.  It states that a plaintiff may not dismiss an action except by court order and under such terms and conditions as the court deems proper. The purpose of Rule 41(a)(2) is to permit a plaintiff to dismiss his action while avoiding prejudice to the defendant.  A court has discretion as to whether to grant a Rule 41(a)(2) motion. Tyco Laboratories, Inc. v. Koppers Co., Inc., 627 F.2d 54, 56 (7th Cir. 1980).  A court abuses its discretion where a dismissal without prejudice will cause the defendant to suffer "plain legal prejudice." Id.  Conversely, a court should normally grant a 41(a)(2) motion in absence of prejudice. Id.  The Seventh Circuit has enumerated the following as factors to weigh in determining whether a dismissal without prejudice will result in prejudice to the defendant:

> The defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal and the fact that a motion for summary judgment has been filed by the defendant.

Id. (quoting Pace v. Southern Express Co., 409 F.2d 331, 334 (7th Cir. 1969)).  Further, the Court of Appeals has noted that a plaintiff's desire to avoid an adverse ruling is not a legitimate ground for a dismissal without prejudice, Kapoulas v. Williams Ins. Agency, 11 F.3d 1380, 1385 (7th Cir. 1993), and that a dismissal without prejudice should not be used to deprive defendants of a beneficial ruling, Villegas v. Princeton Farms, Inc., 893 F.2d 919, 922 (7th Cir. 1990).

I will not dismiss this case without prejudice.  Plaintiff plainly states in his motion that he is seeking 41(a)(2) dismissal in order to avoid "another bad decision" – not a legitimate ground for a dismissal without prejudice.  Further, though this case has not involved significant

2

discovery, the court has already issued two decisions favorable to defendants, and defendants have since filed a motion for summary judgment. Defendants have clearly expended significant time and effort into this case, and have thus far succeeded in dramatically narrowing plaintiff's claims through various affirmative defenses. As such, I conclude that to dismiss this case without prejudice, opening defendants up to further suit by plaintiff on the same claims, would result in plain legal prejudice.

However, I will dismiss plaintiff's remaining claims, and the case, with prejudice unless plaintiff instructs me to do otherwise within twenty days. Such dismissal will not involve an analysis of plaintiff's remaining claims in any written decision, but it will act as a final disposition of the case. If plaintiff instructs me not to dismiss his case with prejudice at this time, then he must continue to prosecute his action by filing a response to defendants' motion for summary judgment within twenty-one days of so instructing me. If plaintiff takes this second path, when briefing is completed, I will then analyze plaintiff's remaining claims in a written decision.

**THEREFORE, IT IS ORDERED** that I will dismiss this action with prejudice unless plaintiff instructs me to do otherwise within twenty (20) days, subject to the conditions outlined above.

Dated at Milwaukee, Wisconsin, this 8 day of August, 2007.

/s
LYNN ADELMAN
District Judge

3